## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Cynthia Wadkinson,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Sun Trust Banks, Inc. and Sun Trust Banks, Inc. Long Term Disability Plan,<br><br>　　　　Defendants. | C.A. No. 6:15-cv-02445-MGL<br><br>**ANSWER** |

Defendants SunTrust Banks, Inc. ("SunTrust") and SunTrust Banks, Inc. Employee Benefit Plan (the "Plan"), collectively referred to herein as "Defendants," improperly identified as Sun Trust Banks, Inc. and Sun Trust Banks, Inc. Long Term Disability Plan, respectively, by and through their undersigned attorneys, answer Plaintiff's Amended Complaint (the "Complaint") as follows, denying each and every allegation not specifically admitted:

**FOR A FIRST DEFENSE**

1.　Defendants admit the allegations of Paragraph I of the Complaint upon information and belief.

2.　Defendants admit that SunTrust is a corporate entity organized and existing pursuant to the laws of one of the United States. Defendants admit that SunTrust does business and owns property in Greenville, South Carolina. Except as specifically admitted herein, Defendants deny the remaining allegations of Paragraph II of the Complaint.

3. Defendants admit that the Plan contains a long-term disability ("LTD") component, which is self-insured and which is governed by ERISA. 29 U.S.C. §§1001 *et seq.* Except as specifically admitted herein, Defendants deny the remaining allegations of Paragraph III of the Complaint.

4. Defendants admit that the Complaint attempts to assert state law causes of action for short-term disability ("STD") benefits and an ERISA cause of action for LTD benefits. Defendants admit that this Court has jurisdiction over Plaintiff's ERISA governed claims. Defendants admit that they are subject to personal jurisdiction in this Court. Except as specifically admitted herein, Defendants deny the remaining allegations of Paragraph IV of the Complaint.

5. Defendants admit that Plaintiff was previously employed by SunTrust. Defendants admit that Plaintiff was covered under SunTrust's STD Program, which is fully funded by SunTrust. Defendants admit that Plaintiff participated in the Plan. Except as specifically admitted herein, Defendants deny the remaining allegations of Paragraph V of the Complaint.

6. Defendants admit that Plaintiff voluntarily ceased working and sought STD benefits under the STD Program. Defendants deny the remaining allegations of Paragraph VI of the Complaint.

7. Defendants admit that Plaintiff has exhausted her administrative remedies under the STD Program. Defendants deny that Plaintiff ever filed a claim for LTD benefits and further deny that Plaintiff is entitled to any LTD benefits or any additional STD benefits. Defendants deny that Plaintiff satisfies the definition of disability

contained in the STD Program or the Plan. Except as specifically admitted herein, Defendants deny the remaining allegations of Paragraph VII of the Complaint.

8. Defendants deny the allegations of Paragraph VIII of the Complaint.

9. In response to Paragraph IX of the Complaint, Defendants incorporate their responses to Paragraphs I-VIII of the Complaint as if set forth verbatim herein.

10. Defendants deny the allegations of Paragraph X of the Complaint.

11. Defendants deny the allegations of Paragraph XI of the Complaint and specifically deny that Plaintiff is entitled to any additional STD benefits, any actual damages, or any attorney's fees, costs, or interest.

12. In response to Paragraph XII of the Complaint, Defendants incorporate their responses to Paragraphs I-XI of the Complaint as if set forth verbatim herein.

13. Defendants deny the allegations of Paragraph XIII of the Complaint.

14. Defendants deny the allegations of Paragraph XIV of the Complaint.

15. Defendants deny the allegations of Paragraph XV of the Complaint and specifically deny that Plaintiff is entitled to any additional STD benefits, any actual or punitive damages, or any other relief.

16. In response to Paragraph XVI of the Complaint, Defendants incorporate their responses to Paragraphs I-XV of the Complaint as if set forth verbatim herein.

17. Defendants deny the allegations of Paragraph XVII of the Complaint and specifically deny that Plaintiff is entitled to the relief sought in Paragraph XVII, including any remand, attorneys' fees, or costs pursuant to ERISA.

18. In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any additional STD benefits, any LTD benefits under the Plan, any actual, compensatory, or punitive damages, or any attorney's fees, costs, or interest.

### FOR A SECOND DEFENSE

19. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOR A THIRD DEFENSE

20. Plaintiff's claims are barred by the doctrines of waiver or estoppel.

### FOR A FOURTH DEFENSE

21. Defendants have at all times acted in good faith with regard to Plaintiff's claim for STD benefits, and therefore Defendants, neither individually nor collectively, have breached any alleged duty of good faith to Plaintiff.

### FOR A FIFTH DEFENSE

22. Plaintiff has failed to mitigate any alleged damages.

### FOR A SIXTH DEFENSE

23. Defendants, neither individually nor collectively, have not breached any provision of any alleged insurance contract between Plaintiff and Defendants.

### FOR A SEVENTH DEFENSE

24. Defendants are not the proximate cause of any alleged damages to Plaintiff.

### FOR AN EIGHTH DEFENSE

25. Plaintiff has failed to meet all conditions precedent to qualify for additional STD benefits or LTD benefits.

### FOR A NINTH DEFENSE

26. Plaintiff's recovery of LTD benefits, if any, is limited to the terms, conditions, limitations, and exclusions of the Plan. The terms of the Plan bar or limit Plaintiff's claim for LTD benefits under the Plan, including, but not limited to, other income benefits, such as social security disability benefits or other deductible income that operate to reduce any benefits.

### FOR A TENTH DEFENSE

27. Plaintiff's claim for LTD benefits must be dismissed because the Plan grants discretion to Sedgwick Claims Management Services, Inc. ("Sedgwick"), the Plan's third-party claims administrator for LTD claims, to make claims determinations, and Sedgwick's determination, if any, with respect to Plaintiff's alleged LTD claim was not an abuse of discretion and was otherwise in accordance with the terms and conditions of the Plan.

### FOR AN ELEVENTH DEFENSE

28. Plaintiff has failed to provide sufficient medical evidence to support any claim for additional STD benefits under the STD Program or any alleged claim for LTD benefits under the Plan. Further, the evidence submitted by Plaintiff in support of her claim for additional STD benefits supports a finding that Plaintiff is not eligible for benefits under the STD Program or the Plan.

### FOR A TWELFTH DEFENSE

29. Plaintiff seeks LTD benefits pursuant to an employee benefit plan governed by ERISA. All determinations made by Sedgwick or Defendants, if any, regarding Plaintiff's claims for LTD benefits were made based upon substantial

evidence in the claim file and in accordance with the terms of the Plan and in the best interest of the Plan's participants and beneficiaries.

### FOR A THIRTEENTH DEFENSE

30.    Plaintiff's claims under or against the Plan are barred in whole or in part because Defendants and Sedgwick have complied with their obligations under ERISA.

### FOR A FOURTEENTH DEFENSE

31.    With respect to Plaintiff's LTD claim, any allegation in the Complaint by which she re-characterizes the information contained in the administrative record or by which she seeks to introduce or supplement evidence in the administrative record is beyond the scope of judicial review.

### FOR A FIFTEENTH DEFENSE

32.    Sedgewick and Defendants discharged their duties with respect to the Plan in the sole interest of the Plan's participants and beneficiaries, and in doing so, Sedgwick and Defendants acted in accordance with the terms of the Plan.

### FOR A SIXTEENTH DEFENSE

33.    If Sedgewick's decision, if any, to deny Plaintiff's LTD claim based upon is found to have been incorrect, which allegation is expressly denied, then Plaintiff's LTD claim must be remanded to Sedgwick for a determination as to whether Plaintiff otherwise qualifies for LTD benefits under the terms and conditions of the Plan.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court grant them the relief sought below:

1.    Dismiss the Complaint in its entirety with prejudice;

6

2. Order Plaintiff to pay Defendants' costs, expenses, and attorneys' fees reasonably incurred in the defense of this action; and

3. Render to Defendants any additional relief the Court deems just and proper.

Respectfully submitted,

s/ James T. Hedgepath
James T. Hedgepath (Fed ID# 7837)
NEXSEN PRUET, LLC
55 E. Camperdown Way, Suite 400
Post Office Drawer 10648
Greenville, South Carolina 29603
864.370.2211
E-Mail: jhedgepath@nexsenpruet.com

Michael T. Brittingham (Fed ID# 6427)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Post Office Drawer 2426
Columbia, South Carolina  29202
803.771.8900
E-Mail: mbrittingham@nexsenpruet.com

Attorneys for Defendants
SunTrust Banks, Inc. and SunTrust Banks, Inc. Employee Benefit Plan

July 2, 2015
Greenville, South Carolina